# Exhibit B

October 20, 2017 Memorandum from Jeffrey H. Wood, Acting Assistant Attorney General, to Selected Agency Counsel, Re: Administrative Record Compilation in light of *In re Thomas E. Price*, Ninth Cir. No. 17-71121.

Fed. Defs.' Resp. in Opp. to Citizen Groups' Mot. to Complete Admin. Record
*California v. BLM*, No. 17-cv-07186-WHO; *Sierra Club v. Zinke*, No. 17-cv-07187-WHO



**U.S. Department of Justice**

Environment and Natural Resources Division

*Assistant Attorney General*  
*950 Pennsylvania Avenue, N.W.*  
*Washington, DC  20530-0001*

*Telephone (202) 514-2701*  
*Facsimile (202) 514-0557*

October 20, 2017

**MEMORANDUM**

To:  Selected Agency Counsel

From:  Jeffrey H. Wood  
Acting Assistant Attorney General

Re:  Administrative Record Compilation in light of  
*In re Thomas E. Price*, Ninth Cir. No. 17-71121

The Environment and Natural Resources Division ("ENRD") wants to alert you to a petition for writ of mandamus recently filed by the Department of Justice ("DOJ"), which addresses the scope of the administrative record in Administrative Procedure Act ("APA") record-review litigation. The administrative record compiled by the agency is the focus of judicial review. Success in record-review litigation depends on agencies producing a complete and comprehensive record. As always, administrative records certified by agencies should be forthrightly and expeditiously prepared and be complete.

The mandamus petition, *In re Thomas E. Price*, Ninth Cir. No. 17-71121, expresses DOJ's view (as authorized by the Office of the Solicitor General) that agency deliberative documents are *not* properly considered part of the administrative record and therefore generally should not be produced as part of the record filed with the court, nor listed in a privilege log. As the *Price* petition explains, agency deliberative documents—*i.e.*, documents reflecting the agency's predecisional deliberative process—generally are not relevant to APA review, and including them in the administrative record would inhibit agency decision-making.

As litigation in the Ninth Circuit develops, ENRD intends to provide updated guidance on best practices for handling deliberative documents when producing an administrative record. For now, we want to make sure you know that the *Price* petition represents the view of the United States on this issue, and that any contrary guidance you may have received from ENRD, including the January 1999 document entitled "Guidance to the Federal Agencies in Compiling the Administrative Record," should be disregarded.[1]  This updated guidance is specifically

---

[1] Please note that a prior December 2008 Assistant Attorney General Memorandum regarding the 1999 document stated that the 1999 document did not dictate any binding requirement for the assembly of the administrative record and should not be read to cast doubt on DOJ's long-advanced position that deliberative documents generally should not be included in an administrative record. To the extent the 2008 memorandum itself suggested that whether to include deliberative documents in the administrative record is a matter of agency discretion, the position of the

focused on documents that are part of the agency's deliberative process and does not address non-deliberative documents that an agency deems appropriate to include in an administrative record. Agencies should continue to follow their existing practices with regard to non-deliberative documents.

The United States' view of the scope of the administrative record is explained at pages 12–19 of the *Price* petition. To summarize, the proper scope of the administrative record in an APA action is "bounded by the proper scope of administrative review." Pet. 13. Absent a "strong showing of bad faith," administrative review is limited to an agency's stated reasons for its decisions, rather than an interrogation of the agency's subjective motives. *Id.* 13–14. But because inquiry into the agency's internal deliberations is immaterial to the purposes of record-review litigation, and would chill free and frank agency deliberation, deliberative documents are not properly considered part of the administrative record. *Id.* at 15. As such, deliberative documents generally should not be produced as part of the administrative record filed with a court, nor listed in a privilege log.

While it may be appropriate in unusual circumstances for an agency to produce deliberative materials as part of an administrative record, any decision to do so should proceed mindful that inclusion of deliberative materials is a deviation from the usual rule and may serve as a harmful precedent in other cases. Agencies should consult with DOJ attorneys to determine whether special reasons for deviating from the usual rule apply in any particular case or jurisdiction. We also suggest that agencies consider reviewing their existing regulations and guidance for consistency with the position expressed herein. Questions regarding this guidance may be directed to the Law and Policy Section of ENRD.

---

United States is more correctly stated in the *Price* petition: Such documents generally should not be regarded as part of the record.