UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>RYAN ZINKE, et al.,<br>　　　　Defendants. | Case No. 17-cv-07187-WHO<br><br>**ORDER REGARDING MOTION TO COMPLETE THE ADMINISTRATIVE RECORD**<br>Re: Dkt. No. 94 |

## INTRODUCTION

Plaintiffs (collectively, "Citizen Groups") challenge the Bureau of Land Management's ("BLM") decision to suspend and reexamine protections in the Waste Prevention Rule for one year. In this action under the Administrative Procedure Act, Citizen Groups seek to compel completion of the administrative record and insist on the production of a privilege log for any excluded deliberative documents. Defendants (collectively "Federal defendants") oppose adding deliberative materials to the record or including a privilege log. Citizen Groups provide Freedom of Information Act ("FOIA") documents as evidence that certain relevant deliberative documents were considered by BLM but not included in the record.

The Federal defendants are entitled to a presumption that the record is complete. That presumption can be overcome by clear evidence that the record is missing documents considered by BLM in its decision to issue the Suspension Rule. Citizen Groups provided such evidence here. I GRANT their motion to complete the administrative record, and require that the Federal defendants prepare a privilege log for any responsive documents they withhold.

## BACKGROUND

The Waste Prevention Rule was issued on November 18, 2016. *See* Waste Prevention Rule, 81 Fed. Reg. 83,008 (Nov. 18, 2016). Shortly after the regulation was published, states and

1 two industry groups filed lawsuits challenging it, but the court denied motions for preliminary injunction. *See Wyoming v. U.S. Dep't of Interior*, Nos. 16-cv-0285, 16-cv-0280, 2017 WL 161428 (D. Wyo. Jan. 16, 2017).

2017 saw a change in administrations. President Trump issued an Executive Order requiring the Secretary of the Interior to review the Waste Prevention Rule. Exec. Order No. 13,783, 82 Fed. Reg. 16,093, § 7(b) (Mar. 28, 2017). On December 8, 2017, BLM published the Suspension Rule to delay for one year the effective date of provisions in the Waste Prevention Rule that had not yet become operative and suspend for one year the effective date of certain provisions already in effect. 82 Fed. Reg. 58,050 (Dec. 8, 2017).

Citizen Groups challenged the Suspension Rule under the Administrative Procedure Act ("APA"), the Mineral Leasing Act, and the National Environmental Policy Act, and moved for a preliminary injunction. *California v. BLM*, No. 17-cv-07186 (N.D. Cal. filed Dec. 19, 2017); *Sierra Club v. Zinke*, No. 17-cv-07187 (N.D. Cal. filed Dec. 19, 2017). On February 22, 2018, I granted their motion for a preliminary injunction after they demonstrated irreparable harm and that the balance of equities and public interest strongly favored enjoining enforcement of the Suspension Rule. *California v. BLM*, 286 F. Supp. 3d 1054, 1076 (N.D. Cal. 2018). On the merits, the Federal defendants did not adequately show how the evidence on which it relied in promulgating the Waste Prevention Rule from 2014-2016 was so quickly undercut in 2017.

The Federal defendants lodged an administrative record on April 5, 2018. *Sierra Club v. Zinke*, No. 17-cv-07187 (N.D. Cal. filed Dec. 19, 2017) [Dkt. No. 89]. A corrected administrative record was lodged on May 7, 2018. *Id*. [Dkt. No. 93]. The current record consists of 22,434 pages of documents, accompanied with a declaration that the record is complete. Also on May 7, 2018, Citizen Groups collectively moved to complete the record. *Id*. [Dkt. No. 94]. They continue to seek internal and external communications, interagency reviews, drafts of documents, meeting notes, and internal memoranda. Citizen Groups sent the Federal defendants FOIA documents of internal agency emails and memorandums indicating examples of records that they insist are properly part of the administrative record.

**LEGAL STANDARD**

Courts may grant motions to complete the administrative record where the agency has not submitted the "whole record" before it at the time it made an agency action that was allegedly arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706. The whole record encompasses "all the evidence that was before the decision-making body." *Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982). Evidence includes documents contrary to the agency's position and "all documents and materials directly or indirectly considered by agency decision-makers." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). If the agency determines that certain documents that were considered, directly or indirectly, should be excluded while designating the Administrative Record index, those documents should be entered into a privilege log to submit the "whole record" to the court. *See Inst. for Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017), *mandamus denied sub nom. In re Thomas E. Price*, No. 17-71121 (9th Cir. Jan. 18, 2018).

An agency's designation of the record is presumed complete, but plaintiffs may overcome the presumption by "identify[ing] the allegedly omitted materials with sufficient specificity and identify[ing] reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." *Oceana, Inc. v. Pritzker*, No. 16-CV-06784-LHK (SVK), 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017) (internal quotations and citation omitted). "Plaintiffs need not show bad faith or improper motive to rebut the presumption." *People of State of Cal. ex rel. Lockyer v. U.S. Dep't of Agric.*, No. C05-03508 EDL, 2006 WL 708914, at *2 (N.D. Cal. Mar. 16, 2006).

**DISCUSSION**

**I. Deliberative Documents**

The Federal defendants contend that deliberative documents do not belong in the administrative record in the first instance. Their argument is based on the principle that generally it is "not the function of the court to probe the mental processes" of an individual or agency. *Morgan v. US*, 304 U.S. 1, 18 (1938); *see also Citizens to Pres. Overton Park, Inc. v. Volpe*, 401

U.S. 402, 420 (1971) ("such inquiry into the mental processes of administrative decisionmakers is usually to be avoided."). Though caution against probing the mental processes of individual agency decision-makers is justified, the inquiry begins with whether the record consists "of all documents and materials directly or *indirectly* considered by agency decision-makers." *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555–56 (9th Cir. 1989). If agency decision-makers considered documents that could be characterized as decisional or deliberative materials, these should be included in the administrative record or noted in a privilege log.

There are several decisions from courts in the Ninth Circuit that the Federal defendants believe support of their position. But these cases are consistent with the holding in *Thompson v. United States Dep't of Labor*, which requires adding all materials directly and indirectly considered by agency decision-makers. For instance, *Carlsson v. U.S. Citizenship & Immigration Servs*. held that the record should not include "deliberations or communications between agency staff." No. 2:12-CV-07893-CAS, 2015 WL 1467174, at *7, n.5 (C.D. Cal. Mar. 23, 2015). This conclusion was reached only *after* the plaintiffs failed to rebut the presumption of completeness, discussed in more detail below. *Id*. at *7. In another case, *California v. U.S. Dep't of Labor*, the court excluded internal agency deliberations from the record after finding neither that the omissions were heavily considered nor that they rebutted the presumption of completeness. No. 2:13-CV-02069-KJM, 2014 WL 1665290, at *13–14 (E.D. Cal. Apr. 24, 2014). Lastly, in *Portland Audubon Society v. Endangered Species Committee*, the Ninth Circuit supplemented an administrative record with ex parte communications, justifying that decision by distinguishing them from internal deliberative processes of the agency or individual agency members. 984 F.2d 1534, 1549 (9th Cir. 1993). The court held that the whole record included "everything that was before the agency pertaining to the merits of the decision." *Id*. at 1548.

The Department of Justice Guidance on compiling administrative records, promulgated in 1999, endorses producing materials that Citizen Groups seek. United States Dep't of Justice, Env't and Nat. Res. Div., *Guidance to Federal Agencies on Compiling the Administrative Record* (Jan. 1999). The Federal defendants counter that a 2008 Department of Justice memorandum clarifies that the 1999 Guidance is non-binding. *Sierra Club v. Zinke*, No. 17-cv-07187 (N.D. Cal.

4

filed Dec. 19, 2017) [Dkt. No. 95] at Ex. A. And in October 2017, the Department of Justice issued another memorandum stating that "agency deliberative documents are *not* properly considered part of the administrative record and therefore generally should not be produced as part of a record filed with the court, nor listed in a privilege log." *Id.* at Ex. B.

The current Department of Justice position is contrary to the law in this Circuit, as the host of cases cited by Citizen Groups point out. In two cases decided since the latest Department of Justice memorandum, the Ninth Circuit did not overturn the district court's order requiring all materials directly and indirectly considered by the agency in the administrative record. *See In re Thomas E. Price*, No. 17-71121 (9th Cir. Jan. 26, 2018) [Dkt. No. 20] (denying writ of mandamus after a court order requiring decisional documents and a privilege log); *see also In re United States*, 875 F.3d. 1200, 1208 (9th Cir. 2017), *vacated on other grounds by In re United States*, 138 S.Ct. 443, 445 (2017) (requiring the resolution of facial challenges before addressing the administrative record, and leaving the district court with discretion to compel document disclosures after an opportunity to argue the issue).

This district has repeatedly required deliberative materials (such as internal comments, draft reports, emails, and meeting notes) to be added to the administrative record if they were considered in the agency's decision. *See Inst. for Fisheries Res.*, 2017 WL 89003, at *1 ("the government is wrong to assert that these types of materials, as a categorical matter, should be excluded from the universe of materials directly or indirectly considered by agency decision-makers.") (internal quotations omitted); *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Security*, No. C 17-05211 WHA, 2017 WL 4642324, at *8 (N.D. Cal. Oct. 17, 2017) (ordering the inclusion of emails and other internal documents in the administrative record).

That said, the administrative record is entitled to a presumption of completeness, and Citizen Groups must overcome the presumption before compelling the government to add documents. To do so, Citizen Groups must "identify reasonable, non-speculative grounds for the belief that [omitted materials] were considered by the agency and not included in the record," or "by showing that the agency applied the wrong standard in compiling the record." *Oceana, Inc.*, 2017 WL 2670733, at *2. As I discuss in the next section, they made such a showing.

5

## II. Allegations of Incompleteness

For the following reasons, I find that Citizen Groups have shown with clear evidence that relevant materials considered by BLM are not in the current record, and should be included.

As an initial matter, the Federal defendants assert that Citizen Groups fail to rebut the presumption of completeness because there must be a showing of bad faith or improper motive. *Overton Park*, 401 U.S. at 420. However, as the Hon. William H. Alsup noted, "bad faith is one basis for requiring supplementation of an administrative record, but it is not the exclusive basis." *Regents of Univ. of California v. United States Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2017 WL 4642324, at *2 (N.D. Cal. Oct. 17, 2017); *see also People of State of Cal. ex rel. Lockyer*, 2006 WL 708914, at *2 ("Plaintiffs need not show bad faith or improper motive to rebut the presumption."). The *Overton Park* bad faith standard applies where plaintiffs seek to go beyond the complete record to inquire into the mental processes of individual decision-makers through their testimony. Citizen Groups want the Federal defendants to complete the record with documents the agency relied on, but that are not currently included. The presumption of completeness can be rebutted by a showing of clear evidence that the agency relied on materials not in the record.

Here, Citizen Groups want the Federal defendants to add "internal memoranda, internal or external correspondence, or drafts of BLM's decision documents," and documents referenced in the "initial review" of the Waste Prevention Rule that served as the basis for the Suspension Rule. *Sierra Club v. Zinke*, No. 17-cv-07187 (N.D. Cal. filed Dec. 19, 2017) [Dkt. No. 94] at 13:11–15. They contend that certain documents they received from their FOIA requests are relevant to the decision but are not included in the record; this serves as clear evidence that the Federal defendants omitted documents and rebuts the presumption of completeness. These FOIA documents include memoranda discussing the basis and need for the Suspension Rule, as well as emails discussing the rule and cost-benefit analysis, material on what language should be used in the Environmental Assessment, and how the rulemaking should proceed. *Id.* at Ex. I-R.

As I have stated before, the basis of Citizen Groups' case is that "BLM has failed to provide a reasoned analysis for the Suspension Rule because its stated rationales are not legitimate

6

and its justifications are inconsistent with and not supported by the evidentiary record." *California v. BLM*, 286 F. Supp. 3d 1054, 1064–65 (N.D. Cal. 2018). FOIA documents Exhibits I through M are memoranda discussing the basis or need for the Suspension Rule. Exhibits N through O are emails discussing the Suspension Rule and how costs should be considered. Exhibits P-Q are emails on the language to use in the Suspension Rule's Environmental Assessment. Exhibit R is an email on how the rulemaking should proceed. Citizen Groups insist that the missing documents are critical and should be in the record.

One memorandum is explicit that "BLM has reviewed the final [Waste Prevention Rule] and determined that it is not fully consistent with the policy…some provisions of the rule add regulatory burdens that unnecessarily encumber energy production, constrain economic growth, and prevent job creation." *Sierra Club v. Zinke*, No. 17-cv-07187 (N.D. Cal. filed Dec. 19, 2017) [Dkt. No. 94] at Ex. I. Another outlines next steps for revising the Waste Prevention Rule and considers delaying some or all the compliance deadlines for one year due to concern about "burdensome compliance costs." *Id.* at Ex. J. I find it hard to believe that reviewing policy and taking next steps on the Suspension Rule could be performed with a notable concern for compliance costs but without agency decision-makers or subordinates considering any underlying deliberative records.

In one email, BLM employees remark about discussing previous reports "informing your opinions about how we should look at [the Suspension Clause] now." *Id.* at Ex. N. In another, they discuss their responsibility to support the policy initiatives of the new leadership with objective and defensible analysis. *Id.* at Ex. O. Citizen Groups contend that completing the record with these types of materials is necessary to evaluate whether BLM's Suspension Rule is supported by good reasoning, whether an Environmental Impact Statement should have been produced, and whether BLM devised a defense of policy outcomes before sufficient analysis. I agree. The administrative record needs to be whole so that I can ultimately determine whether BLM "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a

difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

### III. Privilege Log

The Federal defendants did not file a privilege log with their administrative record, and argued that privilege logs are not required since, as it stands, there are no deliberative documents in the record. Additionally, they have not asserted the deliberative process privilege over documents that are not currently in the record, but they intend to assert their privilege with a privilege log after an order to include deliberative documents.

Privilege logs are required when a party intends to withhold documents based on the deliberative process privilege. *See Inst. for Fisheries Res.*, 2017 WL 89003 at *1 ("If a privilege applies, the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege."); *see also Regents of Univ. of California v. United States Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2017 WL 4642324, at *7 (N.D. Cal. Oct. 17, 2017) (requiring a privilege log after the presumption of correctness was overcome). The only way to know if privilege applies is to review the deliberative documents in a privilege log.

## CONCLUSION

The Federal defendants are directed to file an amended administrative record and privilege log to conform to this order within thirty days of the date below.

**IT IS SO ORDERED.**

Dated: June 26, 2018

William H. Orrick
United States District Judge